UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER DENSON                                            CIVIL ACTION

VERSUS                                                   NO. 17-2083

SOCIAL SECURITY ADMINISTRATION                           SECTION "R"(3)

REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely. [Doc. #8]. For the following reasons, it is recommended that the motion be granted.

## I. BACKGROUND

On July 22, 2013, an Administrative Law Judge denied plaintiff's application for disability security benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA" or "the Act"). [Doc. #8-2 at ¶3a]. Plaintiff sought review of that decision, and, on February 5, 2015, the Appeals Council denied plaintiff's request. [*Id.*]. As is customary, the notice sent by the Appeals Council to plaintiff's residence informed him that he had sixty (60) days to commence a civil action to challenge the denial of his claims. [*Id.*]. Plaintiff filed this lawsuit on March 13, 2017 [Doc. #1], and defendant now seeks to dismiss it as untimely.

## II. Legal Analysis

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941)). Congress may prescribe the procedures and conditions under which judicial review of administrative orders may be obtained. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Judicial review of final decisions of claims arising under the SSA is provided for, and limited by,

sections 205(g) and (h) of the Act, 42 U.S.C. §§ 405(g), (h). The remedy in section 205(g) is exclusive.

Section 205(g) provides that "a party . . . may obtain review of such a decision [*i.e.*, a denial of benefits] by a civil action commenced within sixty days after the mailing to him of the notice of such decision or within such further time as the Commissioner may allow. . . ." 42 U.S.C. § 205(g). Section 205(h) clarifies that this is the exclusive method of review: "No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *Id.* §205(h).

Here, plaintiff filed suit on March 13, 2017. The Appeals Council mailed the notice of his denial on February 15, 2017, over two years before plaintiff filed suit. The sixty-day statute of limitations period provided by Congress in section 205(g) of the Social Security Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Fifth Circuit has repeatedly upheld the sixty-day time limitation. *See Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curiam). Plaintiff's complaint is thus untimely. Accordingly, he can only excuse his untimeliness if he demonstrates some exceptional circumstance.

By regulation, the Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of a request for review of the presiding officer's decision, or of the Appeals Council's decision. *See* 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date on the notice, unless there is a reasonable showing to the

contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c). Here, plaintiff has made no showing that he received the denial later than the Commissioner's presumption.  In any event, he has not shown that he received it over two years after the Appeals Council mailed it.

Equitable tolling may also apply to a social security appeal.  In *City of New York*, the Supreme Court ruled that the sixty-day period specified in section 205(g) of the SSA is a period of limitations that, in a rare case, can be tolled by the Commissioner or the courts. 467 U.S. at 4801.  However, the Supreme Court further explained that, in most cases, the Commissioner should make the determination whether to extend the sixty-day period and that, only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period. *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *see also Barrs v. Sullivan*, 906 F.2d at 121.  Here, there are no exceptional circumstances that may justify plaintiff's untimeliness, and there has been no showing of equities in favor of tolling.

## VI.   CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely [Doc. #8] be GRANTED.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of June, 2017.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**